# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
5/13/2021 4:52:02 PM
Filing ID 12891759

2021 JUN 10 AM 9: 56

WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street Phoenix, Arizona 85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John "Jack" D. Wilenchik, #029353
Jordan C. Wolff, #034110
admin@wb-law.com
*Attorneys for Brandee Nees*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **BRANDEE NEES, an unmarried woman,** | Case No.: CV2021-007889 |
| **Plaintiff,** | **COMPLAINT** |
| v. | |
| **CITY OF PHOENIX, a governmental entity; JERI WILLIAMS and JOHN DOE WILLIAMS, a married couple JOHN FERRAGAMO and JANE DOE FERRAGAMO a married couple, and JEFF COOKE and JANE DOE FERRAGAMO a married couple, JOHN DOE(s) and JANE DOE(s) I-X, BLACK PARTNERSHIPS I-X, WHITE CORPORATIONS I-X,** | **Tier 3** |
| **Defendants.** | |

Plaintiff Brandee Nees for her Complaint against Defendants City of Phoenix, Jerri Williams, John Ferragamo, and Jeff Cooke, states as follows:

## PARTIES, JURISDUCTION, AND VENUE

1.     Plaintiff Brandee Nees is an unmarried woman and at all times was resident of Maricopa County, Arizona.

2. Defendant City of Phoenix (the "**City**") is a public, municipal entity, formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes and, as such, is subject to civil suit and may be held independently liable as an entity and/or municipality, and/or vicariously liable for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including (without limitation) the City of Phoenix Police Department, Jeri Williams, Chief of Police for the City of Phoenix Police Department and the officers and employees of their divisions.

3. At all times material herein, Defendant Police Chief Jeri Williams ("**Chief**") was the duly-appointed Chief of Police and the head of the City's Police, with ultimate authority and supervisory responsibility for Police operations, including (without limitation) the use of force on citizens under the care, custody, and control of the Police and the provision of adequate medical assistance and care to citizens in the custody, care, and control of the Police. In such capacity, the Chief was an officer, agent, and/or employee of the City and/or Police, with the authority and responsibility to establish policies, practices, customs, procedures, protocols, and/or training for the City's Police. His actions and/or inactions constitute actions of the City, and/or the Police. The City and/or the Police are vicariously and directly liable for his wrongful conduct, as alleged herein. The Chief is named in both her official capacity and individual capacity in this Complaint.

4. Defendant John Ferragamo, badge no. 6546, ("**Ofc. Ferragamo**") was employed by the City of Phoenix as an officer. Among his various duties he is required to uphold the law and protect and serve citizens, including exercising reasonable prudence in all actions taken that could be detrimental to a private citizen's rights.

5. Defendant Jeff Cooke, badge no. 10282, ("**Ofc. Cooke**") was employed by the City of Phoenix as an officer. Among his various duties he is required to uphold the law and protect and serve citizens, including exercising reasonable prudence in all actions taken that could be detrimental to a private citizen's rights.

6. At all relevant times, Defendants John Ferragamo and Jeff Cooke were acting within the course and scope of their employment, and therefore, the City and Police are vicariously liable for the acts and omissions to act of these Defendants under the principle of *respondeat superior,*

as well as any and all other employees or agents whose acts or omissions to act contributed to the injuries set forth below.

7. Defendants Jane/John Does are named because at all relevant times described herein, Defendants Williams, Ferragamo, and Cooke were acting for the benefit of their respective marital communities, if any, and therefore the respective marital communities, if any, are liable for the actions of Defendants Williams, Ferragamo, and Cooke.

8. To the extent applicable, and without conceding that said statute applies, Plaintiff has served her Notice of Claim ("NOC") upon Defendants required to be served in compliance with A.R.S. § 12-821.01. More than sixty (60) days have expired since Plaintiff served her NOC.

9. For purposes of Plaintiff's claims that arise under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et seq.*, and as may be relevant to Plaintiff's state law claims, at all material times described herein, Defendants were acting under color of state law.

10. The true names, capacities, and relationships, whether individual, corporate, partnership, or otherwise of all John and Jane Does I-X Defendants, Black Corporations, and White Partnerships, are unknown at the time of the filing of this Complaint, and are being designated pursuant to Ariz. R. Civ. P. 10(d) and applicable federal and state law. Plaintiff further alleges that all of the fictitiously named Defendants were jointly responsible for the actions, events, and circumstances underlying this lawsuit, and that they proximately caused the damages stated in this Complaint. Plaintiff will amend the Complaint to name the unidentified individuals once they have learned, through discovery, the identities and acts, omissions, roles, and/or responsibilities of such Defendants sufficient for Plaintiff to discover the claims against them.

11. The amount in controversy exceeds the minimal jurisdictional limits of this Court.

12. Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

13. Venue is proper in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Maricopa County, Arizona.

### **FACTUAL ALLEGATIONS**

14. On May 21, 2020, Ryan Whitaker began his day anticipating, with much parental pride, his daughter's accomplishment of graduating high school.

15. Mr. Whitaker went to his former wife's house to celebrate his daughter's high school graduation.

16. Subsequently, he returned home to his apartment, where his live-in girlfriend, Plaintiff, greeted him.

17. Plaintiff had been preparing for a weekend getaway up north with Mr. Whitaker.

18. Plaintiff and Mr. Whitaker decided to spend some time together playing Crash Bandicoot, a video game they both enjoyed playing.

19. During this time, they had their stereo on, listening to country music.

20. Unbeknownst to Plaintiff, a resident in an apartment upstairs called 911 to make a noise complaint about an apartment below.

21. When the impatient upstairs neighbor decided that the Phoenix PD did not respond fast enough for him, he again called 911.

22. When the 911 operator asked if the noise he was hearing was indicative of a physical altercation, he told the 911 operator that he could say it was physical if it would get the police to come faster.

23. As a result of this conversation, the call was "hotted" and raised to a level 1 call.

24. Phoenix Police Department Officers Ofc. Ferragamo and Ofc. Cooke (collectively referred to as "**Ofcs. Ferragamo and Cooke**") responded to the call.

25. At approximately 10:49 p.m., Ofcs. Ferragamo and Cooke arrived at Mr. Whitaker and Plaintiff's apartment.

26. At the time they arrived to the apartment, Ofcs. Ferragamo and Cooke knew that more than one person was inside the apartment.

4

27. Mr. Whitaker and Plaintiff heard someone knock on the door; however, the music was still playing and they were in the back bedroom so neither heard any verbal announcement.

28. After Ofc. Ferragamo knocked on the door, Ofcs. Ferragamo and Cooke positioned themselves on the north and south side of the door, respectively.

29. Neither officer was standing in front of the door, and, upon information and belief, neither officer could be seen through the apartment door peephole.

30. When Ofc. Ferragamo knocked on the door late at night, neither Mr. Whitaker nor Plaintiff were expecting visitors.

31. Given that an unknown person was unexpectedly knocking on the door late at night in an apartment complex with no real security, Mr. Whitaker retrieved his handgun before answering the door.

32. Upon information and belief, Mr. Whitaker retrieved his handgun to protect himself and Plaintiff.

33. When Mr. Whitaker opened the door with his firearm down by his side, the officers did not immediately identify themselves.

34. Mr. Whitaker took one step out of the doorway and immediately saw Ofc. Ferragamo.

35. Upon seeing Ofc. Ferragamo, Mr. Whitaker immediately froze and began to put his handgun non-threateningly behind his back and lower to his knees as a sign of submission.

36. At all times, Mr. Whitaker's handgun was pointed to the ground and it was never raised or pointed in the direct of either officer.

37. At no time did he point or raise the handgun in the general direction of either officer, nor did he make any threatening gestures with the handgun.

38. When Mr. Whitaker opened the door and took a step out of the apartment, Ofc. Ferragamo saw Mr. Whitaker's gun, said "hands, hands, hands," and removed his duty weapon from his holster and pointed it at Mr. Whitaker.

WILENCHIK & BARTNESS

39.     At no time did either Ofcs. Ferragamo or Cooke communicate clear and specific instructions to Mr. Whitaker. Ofc. Cooke, unexplainably and without justification, claims that he took Mr. Whitaker's unmistakably submissive actions as a threat towards Ofc. Ferragamo.

40.     Despite Mr. Whitaker facing and looking directly at Ofc. Ferragamo, Ofc. Ferragamo did not shoot Mr. Whitaker because Ofc. Ferragamo did not believe Mr. Whitaker intended to shoot him or that he was a threat.

41.     Realizing that the gun was pointed down and that Mr. Whitaker, without benefit of any clear instructions from the officers, was lowering himself to the ground in a natural attempt to present himself as non-threatening and compliant, Ofc. Ferragamo never discharged his weapon.

42.     Instead, Ofc. Cooke, who was off to the side of Mr. Whitaker, fired his duty weapon three times with impunity and reckless disregard for human life and without apparent thought as to whether his bullets would injure or kill any other occupant in the apartment or person nearby.

43.      Consequently, Ofc. Cooke shot Mr. Whitaker in the back and abdomen.

44.     The third bullet missed Mr. Whitaker and entered the wall near where Plaintiff was standing at the time of the incident.

45.     Plaintiff appeared in the doorway just after Ofc. Cooke shot Mr. Whitaker and saw him lying on the ground shot and agonizing in pain.

46.     Mr. Whitaker was within a couple of feet from where Plaintiff was standing.

47.     Ofc. Ferragamo pointed his weapon at Plaintiff, told her to move away from the door and walk around Mr. Whitaker.

48.     While they were only feet away from her dying boyfriend, Ofc. Ferragamo started asking Plaintiff questions.

49.     Plaintiff began screaming for Mr. Whitaker and begged to be with her boyfriend, to check on his condition and provide whatever comfort she could during his last moments of life.

50.     Ofc. Ferragamo refused to allow Plaintiff to be by her boyfriend's side as he lay dying in front of their home, in clear view and mere feet away from Plaintiff, who was made to witness his death, but was cruelly kept from him long after even the paramedics arrived.

51.     Ofc. Ferragamo admitted that Mr. Whitaker did not do anything wrong and that he gets calls about yelling and screaming all the time and it turns out to be people playing video games.

52.     Upon information and belief, during the time Ofc. Ferragamo was questioning Ms. Nees, he was aware that Mr. Whitaker was dying.

53.     However, Ofc. Ferragamo refused to let Plaintiff comfort and say good-bye to her boyfriend before he died.

54.     Instead, he made her walk away from the apartment so she could not see her boyfriend's shooter standing over his body as he was dying, refusing to provide any medical assistance or any comfort.

55.     Instead, Mr. Whitaker died alone at the feet of his shooter, Ofc. Cooke.

56.     In or around December 2020, the Phoenix City Council unanimously approved a $3 million payout to the family of Mr. Whitaker as result of the actions described herein.

57.     Phoenix City Councilman, Sal DiCiccio, publicly stated, "My apologies to the Whitaker family for what occurred here. Ryan Whitaker did everything right that night. There was nothing he did wrong."

## COUNT I
## 42 U.S.C. § 1983 – VIOLATION OF THE FOURTEENTH AMENDMENT

58.     Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

59.     This cause of action is brought pursuant to 42 U.S.C § 1983, wherein Plaintiffs seeks to redress a deprivation under color of law of a right, privilege or immunity secured to Plaintiffs, respectively, by the Fourteenth Amendments to the United States Constitution.

60.     The Fourteenth Amendment protection against deprivation of life without due process of law is violated when police officers using deadly force, in conscious disregard of substantial risk of harm to innocent parties.

61.     At all times relevant, Ofcs. Ferragamo and Cooke acting under color of law.

62.     Plaintiff had a substantive due process right to life and liberty under the United States Constitution. The actions of the Ofcs. Ferragamo and Cooke deprived her of that right.

63.     The conduct of the Ofcs. Ferragamo and Cooke in question was reckless, shocks the conscience, and amounts to deliberate indifference.

64.     At all relevant times, Ofc. Cooke knew that there was more than one person in the Apartment.

65.     Ofc. Cooke fired at least three (3) shots towards Mr. Whitaker and in the direction of the apartment where Plaintiff was located.

66.     Ofc. Cooke knew and should have known of the extreme and substantial risk to Plaintiff when he opened fired at Mr. Whitaker and towards the apartment.

67.     Ofc. Cooke consciously disregarded a substantial risk of harm to innocent persons— Plaintiff—through his use of force that amounted to conduct that shocks the conscious, and amounts to gross negligence, arbitrariness, maliciousness, recklessness, conscious and deliberate indifference.

68.     Under the given circumstances, any reasonable officer would have known the high probability of an innocent bystander innocent bystanders present in the proximate vicinity, let alone the Apartment in the direction in which Ofc. Cooke discharged his weapon.

69.     The conduct, acts, and omissions of Ofc. Cooke proximately caused Mr. Whitaker's death and the damages of the Plaintiff.

70.     The acts and/or omissions of Defendants were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiffs. Plaintiffs, therefore, prays for an award of punitive and exemplary damages against these individual defendants in an amount to be determined according to proof.

71.     Pursuant to 42 U.S.C. § 1988 and other applicable law, Plaintiffs are also entitled to an award of incurred attorneys' fees and costs.

WILENCHIK & BARTNESS

## COUNT II
## NEGLIGENCE/GROSS NEGLIGENCE

72.     Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

73.     At all relevant times, each and every Defendants had an individual and collective duty to exercise ordinary care for the safety and well-being of Plaintiff.

74.     This duty included taking certain actions and refraining from other actions such as using discharging their firearm in the direction of a innocent bystander and not using excessive force and mortally wounding an individual in from of his or her significant other.

75.     Using such excessive force on a person lawfully exercising his Second Amendment right and shooting said person in front of his significant other falls far below the duty of care.

76.     As a direct and proximate result of Defendants' breaches, Plaintiff sustained severe and permanent injuries, and has and continue to endure extreme pain and suffering.

77.     Defendants' acts and omissions to act as set forth above, also demonstrate gross and wanton negligence in that each of the Defendants knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Plaintiff and a high probability that substantial harm would result.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *(Defendants City, Ferragamo, Cooke)*

78.     Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

79.     At all relevant times, Plaintiff was the significant other of Mr. Whitaker and Plaintiff and Mr. Whitaker were cohabitating.

80.     Plaintiff was present at the Apartment and was immediately present and witnessed the injuries the injuries to Mr. Whitaker.

81.     Ofc. Cooke's actions amount to negligence and/or gross negligence as described herein, and such negligence and gross negligence created an unreasonable risk of bodily harm to Mr. Whitaker when he was shot from behind.

82.     Ofc. Cooke's negligence and/or gross negligence also created an unreasonable risk of bodily harm to Plaintiff.

83.     Ofc. Cooke's negligence and gross negligence actually caused bodily harm to Mr. Whitaker, which bodily harm and events causing such harm were directly witnessed by Plaintiff, causing her to suffer emotional distress and anguish.

84.     Plaintiff within the zone of danger so as to be subject to an unreasonable risk of bodily harm created by the Ofcs. Ferragamo and Cooke.

85.     Plaintiff's emotional distress has resulted in physical injury in that Plaintiff has suffered from PTSD, anxiety, nervousness, and depression since the time of the incident described herein.

86.     The City is vicariously liable for the negligent infliction of emotional stress by the defendant officers as they were acting within the scope of their employment with the City at the time of the incident.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Defendant City, Ferragamo, and Cooke)*

87.     Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

88.     Ofcs. Ferragamo and Cooke intentionally or recklessly injured Plaintiff as described herein.

89.     Ofcs. Ferragamo and Cooke. Cooke conduct was extreme and outrageous in that he mortally shot Mr. Whitaker when he made no signs of aggression toward Ofcs. Ferragamo and Cooke and was in the process of going to the ground. Ofcs. Ferragamo and Cooke knew Mr. Whitaker was not alone in the Apartment an innocent bystander was in the immediate proximity to witness this attack on Mr. Whitaker.

10

90.    As a direct and proximate result of witnessing Mr. Whitaker's injuries, Plaintiff suffered severe emotional and mental distress, with accompanying physical manifestations.

91.    The City is vicariously liable for the intentional infliction of emotional distress by the defendant officers as they were acting within the scope of their employment with the City at the time of the incident.

## COUNT V
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION
### *(Defendants City, Chief, and Jane/John Does I-X)*

92.    Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

93.    Upon information and belief, Defendants City, Police, and Chief as part of their official duties were responsible for training and supervision of employee officers or agents that hold the power, authority, insignia, equipment, and arms entrusted to them.

94.    Supervising officers and/or agents had a duty to Plaintiff to properly supervise employee officers or agents that hold the power, authority, insignia, equipment, and arms entrusted to them.

95.    Defendants City, Chief, and Jane/John Does I-X were responsible for training and supervising their subordinates.

96.    Defendants City, Chief, and Jane/John Does I-X failed to adequately train and supervise their employees.

97.    Defendants City, Chief, and Jane/John Does I-X knew that employees would confront a situation as described herein.

98.    Defendants City, Chief, and Jane/John Does I-X failed to the need to train and supervise their subordinates, and the lack of training and supervision actually caused the harm to the Plaintiff.

99.    The foregoing failures to train were a direct and legal cause of harm to Plaintiff.

100.    Defendants City, Chief, and Jane/John Does I-X failure to adequately train and supervise proximately caused the harm to Plaintiff.

101.    Defendants City's, Chief's, and Jane/John Does I-X's failures to train, as described herein, were within the control of Defendants, and within the feasibility of Defendants, and each of them, to alter, adjust and/or correct so as to prevent some or all of the unlawful acts and injuries complained of herein by Plaintiff.

102.    Defendants City is vicariously liable for the negligent hiring, training, and supervision by its officers as they were acting within the scope of their employment with the City at the time of the incident.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment be entered in their favor and against Defendants as follows:

A.    For judgment on all Counts in favor of Plaintiff;

B.    For actual damages in an amount to be proven at trial;

C.    For compensatory, consequential and incidental damages in an amount to be proven at trial;

D.    For punitive and exemplary damages against the Defendants, in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

E.    For equitable or injunctive relief, as may be requested by Plaintiff or as may be appropriate;

F.    For Plaintiff's incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. § 1988 and other applicable law;

G.    Awarding Plaintiff pre- and post-judgment interest on the foregoing amounts at the maximum rate recoverable by law;

H.    For such other relief as this Court may deem proper.

. . .

. . .

**RESPECTFULLY SUBMITTED** this 13th day of May 2021.

**WILENCHIK & BARTNESS, P.C.**

By */s/ Jordan C. Wolff*
    Dennis I. Wilenchik, Esq.
    John "Jack" D. Wilenchik, Esq.
    Jordan C. Wolff, Esq.
    The Wilenchik & Bartness Building
    2810 North Third Street
    Phoenix, Arizona 85004
    admin@wb-law.com
    *Attorneys for Brandee Nees*

**ELECTRONICALLY** filed
this 13th day of May, 2021
Via AZTurboCourt.com

*/s/ Christine M. Ferreira*

# EXHIBIT 2

Dennis Wilenchik
Wilenchik & Bartness
2810 N. Third Street
Phoenix, AZ 85004
(602) 606-2810
Bar No. 005359

CLERK OF THE
SUPERIOR COURT
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

21 JUN 15 PM 1:32

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Brandee Nees,**

Plaintiff,

vs.

**City of Phoenix; et al.,**

Defendant.

Case Number: CV2021-007889

**AFFIDAVIT OF SERVICE**

**FILED
BY J. Carroccio, DEP**

Received by Southwest Delivery Solutions Inc. on the 9th day of June, 2021 at 10:49 am to be served on **City Of Phoenix, 200 W Washington St, 15th Floor, Phoenix, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **10th day of June, 2021 at 9:56 am, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Connie Haesloop** as **Special Deputy Clerk Stated Authorized To Accept** at the address of: **200 W Washington St, 15th Floor, Phoenix, AZ**, who stated they are authorized to accept service for **City Of Phoenix**, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**
| | |
|---|---|
| Service Fee (Local) | $15.00 |
| Mileage | $30.00 |
| Notary Fee | $8.00 |
| Total | $53.00 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 14th day of June, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

Anthony Verdugo
Process Server

**Southwest Delivery Solutions Inc.
Process Division
P O Box 6253
Glendale, AZ 85312
(602) 266-5577**

Our Job Serial Number: STW-2021000250
Ref: 2301

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

# EXHIBIT 3

Dennis Wilenchik
Wilenchik & Bartness
2810 N. Third Street
Phoenix, AZ 85004
(602) 606-2810
Bar No. 005359

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Brandee Nees,**

Plaintiff,

Case Number: CV2021-007889

**AFFIDAVIT OF SERVICE**

vs.

**FILED**
**BY J. Carroccio, DEP**

**City of Phoenix; et al.,**

Defendant.

Received by Southwest Delivery Solutions Inc. on the 9th day of June, 2021 at 10:49 am to be served on **Chief Jeri Williams, 200 W Washington St, 15th Floor, Phoenix, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **10th day of June, 2021** at **9:56 am, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Connie Haesloop** as **Special Deputy Clerk Stated Authorized To Accept** at the address of: **200 W Washington St, 15th Floor, Phoenix, AZ**, who stated they are authorized to accept service for **Chief Jeri**, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $15.00 |
| Mileage | $30.00 |
| Notary Fee | $8.00 |
| Total | $53.00 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 14th day of June, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

**Anthony Verdugo**
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
P O Box 6253
**Glendale, AZ 85312**
**(602) 266-5577**

Our Job Serial Number: STW-2021000251
Ref: 2301

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

# EXHIBIT 4

1    Kathleen L. Wieneke, Bar #011139
2    Christina Retts, Bar #023798
     WIENEKE LAW GROUP, PLC
3    1095 West Rio Salado Parkway, Suite 209
     Tempe, Arizona 85281
     Telephone: (602) 715-1868
4    Fax: (602) 455-1109
     Email: kwieneke@wienekelawgroup.com
5    Email: cretts@wienekelawgroup.com

6    *Attorneys for Defendants City of Phoenix and
     Williams*

7

8           **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                    **COUNTY OF MARICOPA**

10   BRANDEE NEES, an unmarried woman,     NO. CV2021-007889

11              Plaintiff,       **WAIVER OF SERVICE**

12   vs.                        (Assigned to the Honorable James
                                    Smith)
13   CITY OF PHOENIX, a governmental entity;
     JERI WILLIAMS and JOHN DOE
14   WILLIAMS, a married couple JOHN
     FERRAGAMO and JANE DOE
15   FERRAGAMO, a married couple, and JEFF
     COOKE and JANE DOE FERRAGAMO a
16   married couple, JOHN DOE(S) and JANE
     DOE(S) I-X, BLACK PARTNERSHIPS I-X,
17   WHITE CORPORATIONS I-X,

18              Defendants.

19

20          **ACKNOWLEDGMENT OF WAIVER OF SERVICE**.

21        On behalf of John Ferragamo, I agree to service of a summons regarding the above

22   referenced action.

23        I also have obtained a copy of the Complaint and Certificate of Compulsory

24   Arbitration in the action, and a means by which I can return the signed waiver to you without

25   cost to me.

26        I agree to save the cost of service of a summons and an additional copy of the

27   complaint in this lawsuit by not requiring that I be served with judicial process in the manner

28   provided by the Arizona Rules of Civil Procedure.

City of Phoenix will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

## DEFAULT JUDGMENT.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served within sixty (60) days after this waiver was sent, which was June 23, 2021.

**I swear or affirm under penalty of perjury that the contents of this Waiver are true and correct to the best of my knowledge and belief.**

DATED this 23rd day of June 2021.

WIENEKE LAW GROUP, PLC

By: */s/ Christina Retts*
Kathleen L. Wieneke
Christina Retts
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants City of Phoenix and Williams*

**ORIGINAL e-filed via AZTurboCourt this 23rd day of June 2021.**

**On this same date, a true COPY of the foregoing was served via AZTurboCourt (per Arizona Supreme Court Administrative Order 2014-23) to:**

Dennis I. Wilenchik
John "Jack" D. Wilenchik
Jordan C. Wolff
WILENCHIK & BARTNESS
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

By: */s/ Mica Mahler*

2

# EXHIBIT 5

Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Phoenix and
Williams*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| BRANDEE NEES, an unmarried woman, | NO. CV2021-007889 |
| Plaintiff, | **WAIVER OF SERVICE** |
| vs. | (Assigned to the Honorable James Smith) |
| CITY OF PHOENIX, a governmental entity; JERI WILLIAMS and JOHN DOE WILLIAMS, a married couple JOHN FERRAGAMO and JANE DOE FERRAGAMO, a married couple, and JEFF COOKE and JANE DOE FERRAGAMO a married couple, JOHN DOE(S) and JANE DOE(S) I-X, BLACK PARTNERSHIPS I-X, WHITE CORPORATIONS I-X, | |
| Defendants. | |

## ACKNOWLEDGMENT OF WAIVER OF SERVICE.

On behalf of Jeff Cooke, I agree to service of a summons regarding the above referenced action.

I also have obtained a copy of the Complaint and Certificate of Compulsory Arbitration in the action, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

City of Phoenix will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

## DEFAULT JUDGMENT.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served within sixty (60) days after this waiver was sent, which was June 23, 2021.

**I swear or affirm under penalty of perjury that the contents of this Waiver are true and correct to the best of my knowledge and belief.**

DATED this 23rd day of June 2021.

WIENEKE LAW GROUP, PLC

By: /s/ Christina Retts
Kathleen L. Wieneke
Christina Retts
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants City of Phoenix and Williams*

***ORIGINAL e-filed via AZTurboCourt this 23rd day of June 2021.***

***On this same date, a true COPY of the foregoing was served via AZTurboCourt (per Arizona Supreme Court Administrative Order 2014-23) to:***

Dennis I. Wilenchik
John "Jack" D. Wilenchik
Jordan C. Wolff
WILENCHIK & BARTNESS
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

By: /s/ Mica Mahler

# EXHIBIT 6

Person/Attorney Filing: Dennis I Wilenchik
Mailing Address: 2810 North Third Street
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)606-2810
E-Mail Address: admin@wb-law.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005350, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Brandee Nees<br>Plaintiff(s),<br>v.<br>City of Phoenix, et al.<br>Defendant(s). | Case No.  **CV2021-007889**<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.


RESPECTFULLY SUBMITTED this


By: Dennis I Wilenchik /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
5/13/2021 4:52:02 PM
Filing ID 12891760

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorneys:**

Dennis I Wilenchik
Bar Number: 005350, issuing State: AZ
Law Firm: Wilenchik & Bartness, P.C.
2810 North Third Street
Phoenix, AZ 85004
Telephone Number: (602)606-2810
Email address: admin@wb-law.com

Jordan C Wolff - Primary Attorney
Bar Number: 034110, issuing State: AZ
Law Firm: Wilenchik & Bartness, P.C.
Telephone Number: (602)606-2810

John D. Wilenchik
Bar Number: 029353, issuing State: AZ
Law Firm: Wilenchik & Bartness, P.C.
Telephone Number: (602)606-2810

**Plaintiff:**

Brandee Nees
c/o Wilenchik & Bartness, PC 2810 North Third Street
Phoenix, AZ 85004
Telephone Number: (602)606-2810
Email address: admin@wb-law.com

**Defendants:**

City of Phoenix
200 West Washington Street 15th Floor
Phoenix, AZ 85003

Chief Jeri Williams
c/o City of Phoenix Police Department 602 West Washington Street
Phoenix, AZ 85003

**CV2021-007889**

John Doe Williams
c/o City of Phoenix Police Department 602 West Washington Street
Phoenix, AZ 85003

Officer John Ferragamo
c/o City of Phoenix Police Department 602 West Washington Street
Phoenix, AZ 85003

Jane Doe Ferragamo
c/o City of Phoenix Police Department 602 West Washington Street
Phoenix, AZ 85003

Officer Jeffrey Cooke
c/o City of Phoenix Police Department 602 West Washington Street
Phoenix, AZ 85003

Jane Doe Cooke
c/o City of Phoenix Police Department 602 West Washington Street
Phoenix, AZ 85003

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Negligence

2021 JUN 10 AM 9: 56

**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street Phoenix, Arizona 85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John "Jack" D. Wilenchik, #029353
Jordan C. Wolff, #034110
admin@wb-law.com
*Attorneys for Brandee Nees*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

|  |  |
|---|---|
| **BRANDEE NEES, an unmarried woman,** | Case No.: CV2021-007889 |
| **Plaintiff,** | **COMPLAINT** |
| v. | |
| **CITY OF PHOENIX, a governmental entity; JERI WILLIAMS and JOHN DOE WILLIAMS, a married couple JOHN FERRAGAMO and JANE DOE FERRAGAMO a married couple, and JEFF COOKE and JANE DOE FERRAGAMO a married couple, JOHN DOE(s) and JANE DOE(s) I-X, BLACK PARTNERSHIPS I-X, WHITE CORPORATIONS I-X,** | **Tier 3** |
| **Defendants.** | |

Plaintiff Brandee Nees for her Complaint against Defendants City of Phoenix, Jerri Williams, John Ferragamo, and Jeff Cooke, states as follows:

## PARTIES, JURISDUCTION, AND VENUE

1.    Plaintiff Brandee Nees is an unmarried woman and at all times was resident of Maricopa County, Arizona.

2.     Defendant City of Phoenix (the "**City**") is a public, municipal entity, formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes and, as such, is subject to civil suit and may be held independently liable as an entity and/or municipality, and/or vicariously liable for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including (without limitation) the City of Phoenix Police Department, Jeri Williams, Chief of Police for the City of Phoenix Police Department and the officers and employees of their divisions.

3.     At all times material herein, Defendant Police Chief Jeri Williams ("**Chief**") was the duly-appointed Chief of Police and the head of the City's Police, with ultimate authority and supervisory responsibility for Police operations, including (without limitation) the use of force on citizens under the care, custody, and control of the Police and the provision of adequate medical assistance and care to citizens in the custody, care, and control of the Police. In such capacity, the Chief was an officer, agent, and/or employee of the City and/or Police, with the authority and responsibility to establish policies, practices, customs, procedures, protocols, and/or training for the City's Police. His actions and/or inactions constitute actions of the City, and/or the Police. The City and/or the Police are vicariously and directly liable for his wrongful conduct, as alleged herein. The Chief is named in both her official capacity and individual capacity in this Complaint.

4.     Defendant John Ferragamo, badge no. 6546, ("**Ofc. Ferragamo**") was employed by the City of Phoenix as an officer. Among his various duties he is required to uphold the law and protect and serve citizens, including exercising reasonable prudence in all actions taken that could be detrimental to a private citizen's rights.

5.     Defendant Jeff Cooke, badge no. 10282, ("**Ofc. Cooke**") was employed by the City of Phoenix as an officer. Among his various duties he is required to uphold the law and protect and serve citizens, including exercising reasonable prudence in all actions taken that could be detrimental to a private citizen's rights.

6.     At all relevant times, Defendants John Ferragamo and Jeff Cooke were acting within the course and scope of their employment, and therefore, the City and Police are vicariously liable for the acts and omissions to act of these Defendants under the principle of *respondeat superior,*

2

as well as any and all other employees or agents whose acts or omissions to act contributed to the injuries set forth below.

7.     Defendants Jane/John Does are named because at all relevant times described herein, Defendants Williams, Ferragamo, and Cooke were acting for the benefit of their respective marital communities, if any, and therefore the respective marital communities, if any, are liable for the actions of Defendants Williams, Ferragamo, and Cooke.

8.     To the extent applicable, and without conceding that said statute applies, Plaintiff has served her Notice of Claim ("NOC") upon Defendants required to be served in compliance with A.R.S. § 12-821.01. More than sixty (60) days have expired since Plaintiff served her NOC.

9.     For purposes of Plaintiff's claims that arise under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et seq.*, and as may be relevant to Plaintiff's state law claims, at all material times described herein, Defendants were acting under color of state law.

10.     The true names, capacities, and relationships, whether individual, corporate, partnership, or otherwise of all John and Jane Does I-X Defendants, Black Corporations, and White Partnerships, are unknown at the time of the filing of this Complaint, and are being designated pursuant to Ariz. R. Civ. P. 10(d) and applicable federal and state law. Plaintiff further alleges that all of the fictitiously named Defendants were jointly responsible for the actions, events, and circumstances underlying this lawsuit, and that they proximately caused the damages stated in this Complaint. Plaintiff will amend the Complaint to name the unidentified individuals once they have learned, through discovery, the identities and acts, omissions, roles, and/or responsibilities of such Defendants sufficient for Plaintiff to discover the claims against them.

11.     The amount in controversy exceeds the minimal jurisdictional limits of this Court.

12.     Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

13.    Venue is proper in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Maricopa County, Arizona.

**FACTUAL ALLEGATIONS**

14.    On May 21, 2020, Ryan Whitaker began his day anticipating, with much parental pride, his daughter's accomplishment of graduating high school.

15.    Mr. Whitaker went to his former wife's house to celebrate his daughter's high school graduation.

16.    Subsequently, he returned home to his apartment, where his live-in girlfriend, Plaintiff, greeted him.

17.    Plaintiff had been preparing for a weekend getaway up north with Mr. Whitaker.

18.    Plaintiff and Mr. Whitaker decided to spend some time together playing Crash Bandicoot, a video game they both enjoyed playing.

19.    During this time, they had their stereo on, listening to country music.

20.    Unbeknownst to Plaintiff, a resident in an apartment upstairs called 911 to make a noise complaint about an apartment below.

21.    When the impatient upstairs neighbor decided that the Phoenix PD did not respond fast enough for him, he again called 911.

22.    When the 911 operator asked if the noise he was hearing was indicative of a physical altercation, he told the 911 operator that he could say it was physical if it would get the police to come faster.

23.    As a result of this conversation, the call was "hotted" and raised to a level 1 call.

24.    Phoenix Police Department Officers Ofc. Ferragamo and Ofc. Cooke (collectively referred to as "**Ofcs. Ferragamo and Cooke**") responded to the call.

25.    At approximately 10:49 p.m., Ofcs. Ferragamo and Cooke arrived at Mr. Whitaker and Plaintiff's apartment.

26.    At the time they arrived to the apartment, Ofcs. Ferragamo and Cooke knew that more than one person was inside the apartment.

4

27.     Mr. Whitaker and Plaintiff heard someone knock on the door; however, the music was still playing and they were in the back bedroom so neither heard any verbal announcement.

28.     After Ofc. Ferragamo knocked on the door, Ofcs. Ferragamo and Cooke positioned themselves on the north and south side of the door, respectively.

29.     Neither officer was standing in front of the door, and, upon information and belief, neither officer could be seen through the apartment door peephole.

30.     When Ofc. Ferragamo knocked on the door late at night, neither Mr. Whitaker nor Plaintiff were expecting visitors.

31.     Given that an unknown person was unexpectedly knocking on the door late at night in an apartment complex with no real security, Mr. Whitaker retrieved his handgun before answering the door.

32.     Upon information and belief, Mr. Whitaker retrieved his handgun to protect himself and Plaintiff.

33.     When Mr. Whitaker opened the door with his firearm down by his side, the officers did not immediately identify themselves.

34.     Mr. Whitaker took one step out of the doorway and immediately saw Ofc. Ferragamo.

35.     Upon seeing Ofc. Ferragamo, Mr. Whitaker immediately froze and began to put his handgun non-threateningly behind his back and lower to his knees as a sign of submission.

36.     At all times, Mr. Whitaker's handgun was pointed to the ground and it was never raised or pointed in the direct of either officer.

37.     At no time did he point or raise the handgun in the general direction of either officer, nor did he make any threatening gestures with the handgun.

38.     When Mr. Whitaker opened the door and took a step out of the apartment, Ofc. Ferragamo saw Mr. Whitaker's gun, said "hands, hands, hands," and removed his duty weapon from his holster and pointed it at Mr. Whitaker.

39.    At no time did either Ofcs. Ferragamo or Cooke communicate clear and specific instructions to Mr. Whitaker. Ofc. Cooke, unexplainably and without justification, claims that he took Mr. Whitaker's unmistakably submissive actions as a threat towards Ofc. Ferragamo.

40.    Despite Mr. Whitaker facing and looking directly at Ofc. Ferragamo, Ofc. Ferragamo did not shoot Mr. Whitaker because Ofc. Ferragamo did not believe Mr. Whitaker intended to shoot him or that he was a threat.

41.    Realizing that the gun was pointed down and that Mr. Whitaker, without benefit of any clear instructions from the officers, was lowering himself to the ground in a natural attempt to present himself as non-threatening and compliant, Ofc. Ferragamo never discharged his weapon.

42.    Instead, Ofc. Cooke, who was off to the side of Mr. Whitaker, fired his duty weapon three times with impunity and reckless disregard for human life and without apparent thought as to whether his bullets would injure or kill any other occupant in the apartment or person nearby.

43.    Consequently, Ofc. Cooke shot Mr. Whitaker in the back and abdomen.

44.    The third bullet missed Mr. Whitaker and entered the wall near where Plaintiff was standing at the time of the incident.

45.    Plaintiff appeared in the doorway just after Ofc. Cooke shot Mr. Whitaker and saw him lying on the ground shot and agonizing in pain.

46.    Mr. Whitaker was within a couple of feet from where Plaintiff was standing.

47.    Ofc. Ferragamo pointed his weapon at Plaintiff, told her to move away from the door and walk around Mr. Whitaker.

48.    While they were only feet away from her dying boyfriend, Ofc. Ferragamo started asking Plaintiff questions.

49.    Plaintiff began screaming for Mr. Whitaker and begged to be with her boyfriend, to check on his condition and provide whatever comfort she could during his last moments of life.

50.    Ofc. Ferragamo refused to allow Plaintiff to be by her boyfriend's side as he lay dying in front of their home, in clear view and mere feet away from Plaintiff, who was made to witness his death, but was cruelly kept from him long after even the paramedics arrived.

6

51. Ofc. Ferragamo admitted that Mr. Whitaker did not do anything wrong and that he gets calls about yelling and screaming all the time and it turns out to be people playing video games.

52. Upon information and belief, during the time Ofc. Ferragamo was questioning Ms. Nees, he was aware that Mr. Whitaker was dying.

53. However, Ofc. Ferragamo refused to let Plaintiff comfort and say good-bye to her boyfriend before he died.

54. Instead, he made her walk away from the apartment so she could not see her boyfriend's shooter standing over his body as he was dying, refusing to provide any medical assistance or any comfort.

55. Instead, Mr. Whitaker died alone at the feet of his shooter, Ofc. Cooke.

56. In or around December 2020, the Phoenix City Council unanimously approved a $3 million payout to the family of Mr. Whitaker as result of the actions described herein.

57. Phoenix City Councilman, Sal DiCiccio, publicly stated, "My apologies to the Whitaker family for what occurred here. Ryan Whitaker did everything right that night. There was nothing he did wrong."

## COUNT I
## 42 U.S.C. § 1983 – VIOLATION OF THE FOURTEENTH AMENDMENT

58. Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

59. This cause of action is brought pursuant to 42 U.S.C § 1983, wherein Plaintiffs seeks to redress a deprivation under color of law of a right, privilege or immunity secured to Plaintiffs, respectively, by the Fourteenth Amendments to the United States Constitution.

60. The Fourteenth Amendment protection against deprivation of life without due process of law is violated when police officers using deadly force, in conscious disregard of substantial risk of harm to innocent parties.

61. At all times relevant, Ofcs. Ferragamo and Cooke acting under color of law.

7

WILENCHIK & BARTNESS

62. Plaintiff had a substantive due process right to life and liberty under the United States Constitution. The actions of the Ofcs. Ferragamo and Cooke deprived her of that right.

63. The conduct of the Ofcs. Ferragamo and Cooke in question was reckless, shocks the conscience, and amounts to deliberate indifference.

64. At all relevant times, Ofc. Cooke knew that there was more than one person in the Apartment.

65. Ofc. Cooke fired at least three (3) shots towards Mr. Whitaker and in the direction of the apartment where Plaintiff was located.

66. Ofc. Cooke knew and should have known of the extreme and substantial risk to Plaintiff when he opened fired at Mr. Whitaker and towards the apartment.

67. Ofc. Cooke consciously disregarded a substantial risk of harm to innocent persons—Plaintiff—through his use of force that amounted to conduct that shocks the conscious, and amounts to gross negligence, arbitrariness, maliciousness, recklessness, conscious and deliberate indifference.

68. Under the given circumstances, any reasonable officer would have known the high probability of an innocent bystander innocent bystanders present in the proximate vicinity, let alone the Apartment in the direction in which Ofc. Cooke discharged his weapon.

69. The conduct, acts, and omissions of Ofc. Cooke proximately caused Mr. Whitaker's death and the damages of the Plaintiff.

70. The acts and/or omissions of Defendants were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiffs. Plaintiffs, therefore, prays for an award of punitive and exemplary damages against these individual defendants in an amount to be determined according to proof.

71. Pursuant to 42 U.S.C. § 1988 and other applicable law, Plaintiffs are also entitled to an award of incurred attorneys' fees and costs.

## NEGLIGENCE/GROSS NEGLIGENCE

72.     Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

73.     At all relevant times, each and every Defendants had an individual and collective duty to exercise ordinary care for the safety and well-being of Plaintiff.

74.     This duty included taking certain actions and refraining from other actions such as using discharging their firearm in the direction of a innocent bystander and not using excessive force and mortally wounding an individual in from of his or her significant other.

75.     Using such excessive force on a person lawfully exercising his Second Amendment right and shooting said person in front of his significant other falls far below the duty of care.

76.     As a direct and proximate result of Defendants' breaches, Plaintiff sustained severe and permanent injuries, and has and continue to endure extreme pain and suffering.

77.     Defendants' acts and omissions to act as set forth above, also demonstrate gross and wanton negligence in that each of the Defendants knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Plaintiff and a high probability that substantial harm would result.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*(Defendants City, Ferragamo, Cooke)*

78.     Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

79.     At all relevant times, Plaintiff was the significant other of Mr. Whitaker and Plaintiff and Mr. Whitaker were cohabitating.

80.     Plaintiff was present at the Apartment and was immediately present and witnessed the injuries the injuries to Mr. Whitaker.

81.     Ofc. Cooke's actions amount to negligence and/or gross negligence as described herein, and such negligence and gross negligence created an unreasonable risk of bodily harm to Mr. Whitaker when he was shot from behind.

82.     Ofc. Cooke's negligence and/or gross negligence also created an unreasonable risk of bodily harm to Plaintiff.

83.     Ofc. Cooke's negligence and gross negligence actually caused bodily harm to Mr. Whitaker, which bodily harm and events causing such harm were directly witnessed by Plaintiff, causing her to suffer emotional distress and anguish.

84.     Plaintiff within the zone of danger so as to be subject to an unreasonable risk of bodily harm created by the Ofcs. Ferragamo and Cooke.

85.     Plaintiff's emotional distress has resulted in physical injury in that Plaintiff has suffered from PTSD, anxiety, nervousness, and depression since the time of the incident described herein.

86.     The City is vicariously liable for the negligent infliction of emotional stress by the defendant officers as they were acting within the scope of their employment with the City at the time of the incident.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *(Defendant City, Ferragamo, and Cooke)*

87.     Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

88.     Ofcs. Ferragamo and Cooke intentionally or recklessly injured Plaintiff as described herein.

89.     Ofcs. Ferragamo and Cooke. Cooke conduct was extreme and outrageous in that he mortally shot Mr. Whitaker when he made no signs of aggression toward Ofcs. Ferragamo and Cooke and was in the process of going to the ground. Ofcs. Ferragamo and Cooke knew Mr. Whitaker was not alone in the Apartment an innocent bystander was in the immediate proximity to witness this attack on Mr. Whitaker.

90.     As a direct and proximate result of witnessing Mr. Whitaker's injuries, Plaintiff suffered severe emotional and mental distress, with accompanying physical manifestations.

91.     The City is vicariously liable for the intentional infliction of emotional distress by the defendant officers as they were acting within the scope of their employment with the City at the time of the incident.

## COUNT V
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION
### *(Defendants City, Chief, and Jane/John Does I-X)*

92.     Plaintiff re-alleges and incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint.

93.     Upon information and belief, Defendants City, Police, and Chief as part of their official duties were responsible for training and supervision of employee officers or agents that hold the power, authority, insignia, equipment, and arms entrusted to them.

94.     Supervising officers and/or agents had a duty to Plaintiff to properly supervise employee officers or agents that hold the power, authority, insignia, equipment, and arms entrusted to them.

95.     Defendants City, Chief, and Jane/John Does I-X were responsible for training and supervising their subordinates.

96.     Defendants City, Chief, and Jane/John Does I-X failed to adequately train and supervise their employees.

97.     Defendants City, Chief, and Jane/John Does I-X knew that employees would confront a situation as described herein.

98.     Defendants City, Chief, and Jane/John Does I-X failed to the need to train and supervise their subordinates, and the lack of training and supervision actually caused the harm to the Plaintiff.

99.     The foregoing failures to train were a direct and legal cause of harm to Plaintiff.

100.    Defendants City, Chief, and Jane/John Does I-X failure to adequately train and supervise proximately caused the harm to Plaintiff.

11

101.  Defendants City's, Chief's, and Jane/John Does I-X's failures to train, as described herein, were within the control of Defendants, and within the feasibility of Defendants, and each of them, to alter, adjust and/or correct so as to prevent some or all of the unlawful acts and injuries complained of herein by Plaintiff.

102.  Defendants City is vicariously liable for the negligent hiring, training, and supervision by its officers as they were acting within the scope of their employment with the City at the time of the incident.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered in their favor and against Defendants as follows:

A.  For judgment on all Counts in favor of Plaintiff;

B.  For actual damages in an amount to be proven at trial;

C.  For compensatory, consequential and incidental damages in an amount to be proven at trial;

D.  For punitive and exemplary damages against the Defendants, in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

E.  For equitable or injunctive relief, as may be requested by Plaintiff or as may be appropriate;

F.  For Plaintiff's incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. § 1988 and other applicable law;

G.  Awarding Plaintiff pre- and post-judgment interest on the foregoing amounts at the maximum rate recoverable by law;

H.  For such other relief as this Court may deem proper.

. . .

. . .

**RESPECTFULLY SUBMITTED** this 13th day of May 2021.

**WILENCHIK & BARTNESS, P.C.**

By */s/ Jordan C. Wolff*
   Dennis I. Wilenchik, Esq.
   John "Jack" D. Wilenchik, Esq.
   Jordan C. Wolff, Esq.
   The Wilenchik & Bartness Building
   2810 North Third Street
   Phoenix, Arizona 85004
   admin@wb-law.com
   *Attorneys for Brandee Nees*

**ELECTRONICALLY** filed
this 13th day of May, 2021
Via AZTurboCourt.com


*/s/ Christine M. Ferreira*

13

Person/Attorney Filing: Dennis I Wilenchik
Mailing Address: 2810 North Third Street
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)606-2810
E-Mail Address: admin@wb-law.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005350, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
5/13/2021 4:52:02 PM
Filing ID 12891762

CITY CLERK DEP...

2021 JUN 10 AM 9: 56

2021 JUN 10 PM 3: 55
CITY ATTORNEY'S OFFICE

RECEIVED
CITY OF PHOENIX

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Brandee Nees
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2021-007889**

**SUMMONS**

To: City of Phoenix

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *May 13, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: Dennis I Wilenchik
Mailing Address: 2810 North Third Street
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)606-2810
E-Mail Address: admin@wb-law.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005350, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Brandee Nees
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2021-007889**

**SUMMONS**

To: Jane Doe Cooke

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *May 13, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: Dennis I Wilenchik
Mailing Address: 2810 North Third Street
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)606-2810
E-Mail Address: admin@wb-law.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005350, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Brandee Nees
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No.  **CV2021-007889**

**SUMMONS**

To: Jane Doe Ferragamo

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *May 13, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
5/13/2021 4:52:02 PM
Filing ID 12891763

Person/Attorney Filing: Dennis I Wilenchik
Mailing Address: 2810 North Third Street
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)606-2810
E-Mail Address: admin@wb-law.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005350, Issuing State: AZ



2021 JUN 10 AM 9: 56

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Brandee Nees
Plaintiff(s),
v.                                              Case No.  **CV2021-007889**
City of Phoenix, et al.
Defendant(s).                                   **SUMMONS**

To: Chief Jeri Williams

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #5708042

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *May 13, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: Dennis I Wilenchik
Mailing Address: 2810 North Third Street
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)606-2810
E-Mail Address: admin@wb-law.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005350, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Brandee Nees
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2021-007889**

**SUMMONS**

To: John Doe Williams

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *May 13, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: Dennis I Wilenchik
Mailing Address: 2810 North Third Street
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)606-2810
E-Mail Address: admin@wb-law.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005350, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Brandee Nees
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2021-007889**

**SUMMONS**

To: Officer John Ferragamo

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *May 13, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: Dennis I Wilenchik
Mailing Address: 2810 North Third Street
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)606-2810
E-Mail Address: admin@wb-law.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005350, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Brandee Nees
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2021-007889**

**SUMMONS**

To: Officer Jeffrey Cooke

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *May 13, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Dennis Wilenchik
Wilenchik & Bartness
2810 N. Third Street
Phoenix, AZ 85004
(602) 606-2810
Bar No. 005359

CLERK OF THE
SUPERIOR COURT
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

21 JUN 15 PM 1: 32

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Brandee Nees,**

Plaintiff,

vs.

**City of Phoenix; et al.,**

Defendant.

Case Number: CV2021-007889

**AFFIDAVIT OF SERVICE**

**FILED
BY J. Carroccio, DEP**

Received by Southwest Delivery Solutions Inc. on the 9th day of June, 2021 at 10:49 am to be served on **City Of Phoenix, 200 W Washington St, 15th Floor, Phoenix, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **10th day of June, 2021 at 9:56 am, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Connie Haesloop** as **Special Deputy Clerk Stated Authorized To Accept** at the address of: **200 W Washington St, 15th Floor, Phoenix, AZ**, who stated they are authorized to accept service for **City Of Phoenix**, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $15.00 |
| Mileage | $30.00 |
| Notary Fee | $8.00 |
| Total | $53.00 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 14th day of June, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

Anthony Verdugo
Process Server

**Southwest Delivery Solutions Inc.
Process Division
P O Box 6253
Glendale, AZ 85312
(602) 266-5577**

Our Job Serial Number: STW-2021000250
Ref: 2301

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

Dennis Wilenchik
Wilenchik & Bartness
2810 N. Third Street
Phoenix, AZ 85004
(602) 606-2810
Bar No. 005359

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Brandee Nees,**

Plaintiff,

vs.

**City of Phoenix; et al.,**

Defendant.

Case Number: CV2021-007889

**AFFIDAVIT OF SERVICE**

**FILED**
**BY J. Carroccio, DEP**

Received by Southwest Delivery Solutions Inc. on the 9th day of June, 2021 at 10:49 am to be served on **Chief Jeri Williams, 200 W Washington St, 15th Floor, Phoenix, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **10th day of June, 2021** at **9:56 am, I**:

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Connie Haesloop** as **Special Deputy Clerk Stated Authorized To Accept** at the address of: **200 W Washington St, 15th Floor, Phoenix, AZ**, who stated they are authorized to accept service for **Chief Jeri**, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $15.00 |
| Mileage | $30.00 |
| Notary Fee | $8.00 |
| Total | $53.00 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 14th day of June, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

Anthony Verdugo
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
P O Box 6253
**Glendale, AZ 85312**
**(602) 266-5577**

Our Job Serial Number: STW-2021000251
Ref: 2301

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

1   Kathleen L. Wieneke, Bar #011139
    Christina Retts, Bar #023798
2   WIENEKE LAW GROUP, PLC
    1095 West Rio Salado Parkway, Suite 209
3   Tempe, Arizona 85281
    Telephone: (602) 715-1868
4   Fax: (602) 455-1109
    Email: kwieneke@wienekelawgroup.com
5   Email: cretts@wienekelawgroup.com

6   *Attorneys for Defendants City of Phoenix,*
    *Williams, Ferragamo and Cooke*
7

8                **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                          **COUNTY OF MARICOPA**

10  | BRANDEE NEES, an unmarried woman, | NO. CV2021-007889 |
    |---|---|
11  | Plaintiff, | **DEFENDANTS' NOTICE OF APPEARANCE** |
12  | vs. | |
13  | CITY OF PHOENIX, a governmental entity; JERI WILLIAMS and JOHN DOE | (Assigned to the Honorable James Smith) |
14  | WILLIAMS, a married couple JOHN FERRAGAMO and JANE DOE | |
15  | FERRAGAMO, a married couple, and JEFF COOKE and JANE DOE FERRAGAMO a | |
16  | married couple, JOHN DOE(S) and JANE DOE(S) I-X, BLACK PARTNERSHIPS I-X, | |
17  | WHITE CORPORATIONS I-X, | |
18  | Defendants. | |

19          Defendants City of Phoenix, Williams, Ferragamo and Cooke ("Defendants") give

20  notice that Kathleen L. Wieneke and Christina Retts of Wieneke Law Group, PLC are

21  appearing on their behalf in this matter.  Defendants request the parties and the Court serve

22  all notices and pleadings on the undersigned as counsel for Defendants.

23

24  / / /

25  / / /

26  / / /

27

28

DATED this 23rd day of June 2021.

WIENEKE LAW GROUP, PLC

By:    */s/ Christina Retts*
            Kathleen L. Wieneke
            Christina Retts
            1095 West Rio Salado Parkway, Suite 209
            Tempe, Arizona 85281
            *Attorneys for Defendants City of Phoenix, Williams, Ferragamo and Cooke*

**ORIGINAL e-filed via AZTurboCourt this 23rd day of June 2021.**

**On this same date, a true COPY of the foregoing was served via AZTurboCourt (per Arizona Supreme Court Administrative Order 2014-23) to:**

Dennis I. Wilenchik
John "Jack" D. Wilenchik
Jordan C. Wolff
WILENCHIK & BARTNESS
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

By: */s/ Mica Mahler*

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
6/23/2021 2:32:59 PM
Filing ID 13047966

1   Kathleen L. Wieneke, Bar #011139
    Christina Retts, Bar #023798
2   WIENEKE LAW GROUP, PLC
    1095 West Rio Salado Parkway, Suite 209
3   Tempe, Arizona 85281
    Telephone: (602) 715-1868
4   Fax: (602) 455-1109
    Email: kwieneke@wienekelawgroup.com
5   Email: cretts@wienekelawgroup.com

6   *Attorneys for Defendants City of Phoenix and
    Williams*

7

8                **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                           **COUNTY OF MARICOPA**

10  | BRANDEE NEES, an unmarried woman, | NO. CV2021-007889 |

11  |                    Plaintiff, | **WAIVER OF SERVICE** |

12  | vs. | (Assigned to the Honorable James Smith) |

13  CITY OF PHOENIX, a governmental entity;
    JERI WILLIAMS and JOHN DOE
14  WILLIAMS, a married couple JOHN
    FERRAGAMO and JANE DOE
15  FERRAGAMO, a married couple, and JEFF
    COOKE and JANE DOE FERRAGAMO a
16  married couple, JOHN DOE(S) and JANE
    DOE(S) I-X, BLACK PARTNERSHIPS I-X,
17  WHITE CORPORATIONS I-X,

18                    Defendants.

19

20               **ACKNOWLEDGMENT OF WAIVER OF SERVICE**.

21        On behalf of Jeff Cooke, I agree to service of a summons regarding the above

22  referenced action.

23        I also have obtained a copy of the Complaint and Certificate of Compulsory

24  Arbitration in the action, and a means by which I can return the signed waiver to you without

25  cost to me.

26        I agree to save the cost of service of a summons and an additional copy of the

27  complaint in this lawsuit by not requiring that I be served with judicial process in the manner

28  provided by the Arizona Rules of Civil Procedure.

City of Phoenix will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

**DEFAULT JUDGMENT**.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served within sixty (60) days after this waiver was sent, which was June 23, 2021.

**I swear or affirm under penalty of perjury that the contents of this Waiver are true and correct to the best of my knowledge and belief.**

DATED this 23rd day of June 2021.

WIENEKE LAW GROUP, PLC

By: _/s/ Christina Retts_____
Kathleen L. Wieneke
Christina Retts
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants City of Phoenix and Williams*

*ORIGINAL e-filed via AZTurboCourt this*
*23rd day of June 2021.*

*On this same date, a true COPY of the foregoing was served via AZTurboCourt (per Arizona Supreme Court Administrative Order 2014-23) to:*

Dennis I. Wilenchik
John "Jack" D. Wilenchik
Jordan C. Wolff
WILENCHIK & BARTNESS
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

By: _/s/ Mica Mahler_____

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
6/23/2021 2:30:38 PM
Filing ID 13047925

1  Kathleen L. Wieneke, Bar #011139
2  Christina Retts, Bar #023798
   WIENEKE LAW GROUP, PLC
3  1095 West Rio Salado Parkway, Suite 209
   Tempe, Arizona 85281
4  Telephone: (602) 715-1868
   Fax: (602) 455-1109
5  Email: kwieneke@wienekelawgroup.com
   Email: cretts@wienekelawgroup.com
6
   *Attorneys for Defendants City of Phoenix and
7  Williams*

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                         **COUNTY OF MARICOPA**

10  BRANDEE NEES, an unmarried woman,          NO. CV2021-007889

11                          Plaintiff,         **WAIVER OF SERVICE**

12  vs.                                        (Assigned to the Honorable James
                                               Smith)
13  CITY OF PHOENIX, a governmental entity;
    JERI WILLIAMS and JOHN DOE
14  WILLIAMS, a married couple JOHN
    FERRAGAMO and JANE DOE
15  FERRAGAMO, a married couple, and JEFF
    COOKE and JANE DOE FERRAGAMO a
16  married couple, JOHN DOE(S) and JANE
    DOE(S) I-X, BLACK PARTNERSHIPS I-X,
17  WHITE CORPORATIONS I-X,

18                          Defendants.

19
20              **ACKNOWLEDGMENT OF WAIVER OF SERVICE**.

21          On behalf of John Ferragamo, I agree to service of a summons regarding the above

22  referenced action.

23          I also have obtained a copy of the Complaint and Certificate of Compulsory

24  Arbitration in the action, and a means by which I can return the signed waiver to you without

25  cost to me.

26          I agree to save the cost of service of a summons and an additional copy of the

27  complaint in this lawsuit by not requiring that I be served with judicial process in the manner

28  provided by the Arizona Rules of Civil Procedure.

City of Phoenix will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

## DEFAULT JUDGMENT.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served within sixty (60) days after this waiver was sent, which was June 23, 2021.

**I swear or affirm under penalty of perjury that the contents of this Waiver are true and correct to the best of my knowledge and belief.**

DATED this 23rd day of June 2021.

WIENEKE LAW GROUP, PLC

By: */s/ Christina Retts*
Kathleen L. Wieneke
Christina Retts
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants City of Phoenix and Williams*

**ORIGINAL e-filed via AZTurboCourt this 23rd day of June 2021.**

**On this same date, a true COPY of the foregoing was served via AZTurboCourt (per Arizona Supreme Court Administrative Order 2014-23) to:**

Dennis I. Wilenchik
John "Jack" D. Wilenchik
Jordan C. Wolff
WILENCHIK & BARTNESS
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

By: */s/ Mica Mahler*

2

# EXHIBIT 7

1  Kathleen L. Wieneke, Bar #011139
   Christina Retts, Bar #023798
2  WIENEKE LAW GROUP, PLC
   1095 West Rio Salado Parkway, Suite 209
3  Tempe, Arizona 85281
   Telephone: (602) 715-1868
4  Fax: (602) 455-1109
   Email: kwieneke@wienekelawgroup.com
5  Email: cretts@wienekelawgroup.com

6  *Attorneys for Defendants City of Phoenix,*
   *Williams, Cooke and Ferragamo*
7

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                        **COUNTY OF MARICOPA**

10

11  BRANDEE NEES, an unmarried woman,        NO. CV2021-007889

                         Plaintiff,           **DEFENDANTS' NOTICE OF**
12                                            **FILING NOTICE OF REMOVAL**

13  vs.
                                              (Assigned to the Honorable James
    CITY OF PHOENIX, a governmental entity;   Smith)
14  JERI WILLIAMS and JOHN DOE
    WILLIAMS, a married couple JOHN
15  FERRAGAMO and JANE DOE
    FERRAGAMO, a married couple, and JEFF
16  COOKE and JANE DOE FERRAGAMO a
    married couple, JOHN DOE(S) and JANE
17  DOE(S) I-X, BLACK PARTNERSHIPS I-X,
    WHITE CORPORATIONS I-X,
18
                         Defendants.
19

20          Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants City of Phoenix, Williams, Cooke

21  and Ferragamo ("Defendants") notify this Court that they have filed a Notice of Removal

22  of this action to the United States District Court for the District of Arizona. A copy of the

23  Notice of Removal (exclusive of exhibits), filed on June 30, 2021, is attached as Exhibit 1.

24

25

26

27

28

DATED this 30th day of June 2021.

WIENEKE LAW GROUP, PLC

By: _____
Kathleen L. Wieneke
Christina Retts
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants City of Phoenix, Williams, Cooke and Ferragamo*

***ORIGINAL e-filed via AZTurboCourt***
***this 30th day of June 2021.***

***On this same date, a true COPY of the foregoing was served via AZTurboCourt (per Arizona Supreme Court Administrative Order 2014-23) to:***

Dennis I. Wilenchik
John "Jack" D. Wilenchik
Jordan C. Wolff
WILENCHIK & BARTNESS
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

By: ___/s/ Mica Mahler_____

2