# EXHIBIT A

**Mica Mahler**

| | |
|---|---|
| **From:** | Dennis Wilenchik <diw@wb-law.com> |
| **Sent:** | Thursday, July 8, 2021 2:19 PM |
| **To:** | Jordan Wolff; Christina Retts |
| **Cc:** | Mica Mahler; Kathleen Wieneke; Jack Wilenchik |
| **Subject:** | Re: Nees v. City of Phoenix, et al---Motion to Dismiss. |

Game on!

Sent via the Samsung Galaxy S20 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

Sincerely Yours,





**Dennis I. Wilenchik**
Attorney at Law
diw@wb-law.com

The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
P 602-606-2810 | F 602-606-2811

www.wb-law.com

----------------------------

ATTORNEY/CLIENT COMMUNICATION

The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material.  Any interception, review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.  If you received this communication in error, please contact us immediately at (602) 606-2810, and delete the communication from any computer or network system.

----------------------------

**From:** Christina Retts <cretts@wienekelawgroup.com>
**Sent:** Thursday, July 8, 2021 1:59:28 PM
**To:** Jordan Wolff <JordanW@wb-law.com>
**Cc:** Mica Mahler <mmahler@wienekelawgroup.com>; Kathleen Wieneke <kwieneke@wienekelawgroup.com>; Dennis Wilenchik <diw@wb-law.com>; Jack Wilenchik <JackW@wb-law.com>
**Subject:** RE: Nees v. City of Phoenix, et al---Motion to Dismiss.

Counsel,

Prior to filing the Motion to Dismiss, we provided notification—in writing—which complies with Local Rule 12.1. Local Rule 12.1 provides that the notification is satisfied by providing "personal, telephonic, or **written** notice" of the issues that the Defendants intend to assert in a Motion to Dismiss.  L.R.Civ.Pro. 12(c). Suggesting that the motion should be stricken is form over substance Defendants did provide written notification to the Plaintiff before the filing.  We can simply file a certification now as Plaintiff admits to receiving the Defendants written notification of the basis for the Motion to Dismiss.

In addition, Plaintiff has now had the opportunity to read the detailed arguments set forth in the Motion to Dismiss.  In this correspondence, there is no indication that Plaintiff intends to amend the Complaint based upon the legal arguments that were made by Defendants.  Having now had the benefit of reading the Defendants' lengthy arguments in the Motion to Dismiss, this email is not a meaningful conversation about the substance of Defendants arguments, nor does it address any areas where Plaintiff agrees that claims should or should not be dismissed.

If Plaintiff agrees that there are certain claims that are legally deficient and will agree to a stipulation to dismiss those claims with prejudice, we are willing to agree to address the potential withdraw of arguments related to those agreed upon areas only.  But, the correspondence below identifies no such areas, or agreements. In addition, there has also not been any offer by Plaintiff to move to amend. Plaintiff states that we simply made the assumption that no agreements could be made on a meet and confer, but there is no attempt to provide any information that would substantiate the assertion that Defendants assumed there could be no agreements as Plaintiff provides no information about areas of agreement.   In other words, if Plaintiff agrees that claims should be dismissed, no information has been provided about what those claims are, or how Plaintiff believes amendment could cure the deficiencies.

Defendants do not believe that an of the legal deficiencies can be cured by amendment. The legal problems cannot be cured by the addition of any facts.

Additionally, the suggestion that Plaintiff's email constitutes some form of Rule 11 notice is insufficient under the Federal Rules of Procedure. First, there is nothing in the filing by Defendants that constitutes a Rule 11 issue that has been identified by Plaintiff. The contention that there was not a certificate of conferral is not a Rule 11 issue and it is capable of being cured by filing on as there was compliance with the text of the local rules; written notification was provided before the filing.  Second, Rule 11 requires you to serve a copy of the anticipated pleading where you will raise such a claim.  An email is not a pleading.

Tina



**Christina Retts**

*Partner*
**WIENEKE LAW GROUP**
p:  602-715-1872
a:  1095 W Rio Salado Pkwy ▪ Suite 209 ▪ Tempe, AZ 85281
w:  wienekelawgroup.com   e:  cretts@wienekelawgroup.com

---

**From:** Jordan Wolff <JordanW@wb-law.com>
**Sent:** Thursday, July 8, 2021 11:50 AM
**To:** Christina Retts <cretts@wienekelawgroup.com>
**Cc:** Mica Mahler <mmahler@wienekelawgroup.com>; Kathleen Wieneke <kwieneke@wienekelawgroup.com>; Dennis Wilenchik <diw@wb-law.com>; Jack Wilenchik <JackW@wb-law.com>
**Subject:** Re: Nees v. City of Phoenix, et al---Motion to Dismiss.

Counsel,

You sent us an email yesterday informing us of your intent to file a Motion to Dismiss. Before we even had a chance to respond or have any conversation on the matter, you filed a motion to dismiss. In addition, to your failure to engage in any meaningful conversation, you did not attach the required certification to the motion to dismiss. *See* L.R. 12.1(c).

Just four months ago, the Arizona District Court explained that:

> The Court is ordinarily a stickler for compliance with Local Rule 12.1(c)." *Leibel v. City of Buckeye*, 2020 WL 516671, *2 (D. Ariz. 2020). The purpose of Local Rule 12.1(c) is to avoid unnecessary motions practice, which squanders judicial resources and undermines Rule 1's objective of securing "the just, speedy, and inexpensive determination of every action and proceeding." *See also Wine Educ. Council v. Ariz. Rangers*, 2020 WL 7352632, *8 (D. Ariz. 2020) (Local Rule 12.1(c) is intended "to promote communication and an attempted resolution by opposing counsel prior to parties filing motions to dismiss"). To that end, Local Rule 12.1(c) provides that a party contemplating filing a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) must first engage in a ***meaningful conversation*** with its adversary about whether the perceived deficiencies might be cured by amendment. If so, the parties can avoid motions practice, and its attendant costs and delays, by simply agreeing to the amendment. ***Although such agreements may be rare in practice, it is still incumbent upon the parties to confer with each other in a sincere attempt to find common ground***.

Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc., 2021 WL 778541, at *3 (D. Ariz. Mar. 1, 2021) (emphasis added).

Instead, of engaging in *any* conversation with us, you made your own assumptions and filed the motion to dismiss within hours of your email. We demand that you withdraw your motion to dismiss and engage in a meaningful conversation regarding your email. If you fail to withdraw by the end of the day, we will file a motion to strike. Also, consider this notice under Fed. R. Civ. P. 11.



www.wb-law.com

Jordan Wolff
Attorney
JordanW@wb-law.com

The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
P 602-606-2810 | F 602-606-2811

----------------------------

## ATTORNEY/CLIENT COMMUNICATION

The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material.  Any interception, review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.  If you received this communication in error, please contact us immediately at (602) 606-2810, and delete the communication from any computer or network system.

----------------------------

**From:** Christina Retts <cretts@wienekelawgroup.com>
**Sent:** Wednesday, July 7, 2021 10:14 AM
**To:** admin <admin@wb-law.com>

**Cc:** Mica Mahler <mmahler@wienekelawgroup.com>; Kathleen Wieneke <kwieneke@wienekelawgroup.com>
**Subject:** Nees v. City of Phoenix, et al---Motion to Dismiss.

Counsel,

We are writing as our meet and confer regarding the Plaintiff's Complaint.
We intend to file a Motion to Dismiss the entirety of the Complaint and do not believe that any of the claims can be cured by amendment.

First, the Fourteenth Amendment claim fails as there is no substantive due process right violated as against Plaintiff by virtue of the shooting of Mr. Whitaker. Plaintiff was not a familial relationship and did not witness the shooting. Her emotional distress claims are not viable. Because of these legal hurdles, the individual Defendants are also entitled to qualified immunity.

Second, Plaintiff cannot recover for NIED based upon the facts as documented in the complaint and the body camera video. Plaintiff was not present, nor did she witness the shooting. Observing the injury after the fact is not sufficient.  Plaintiff was also not closely related to the decedent.

Third, Plaintiff's claims relate to an intentional shooting and, as a result, claims of gross negligence/negligence are precluded by the Court's holding in Ryan v. Napier.

Fourth, Plaintiff was not present and not a family member of the decedent and cannot recover for IIED as a result of witnessing the after effects of the shooting.

We understand that Plaintiff will likely agree to disagree about the viability of the claims and that the Court will need to resolve the same.

Thank you,
Tina



**Christina Retts**

*Partner*
**WIENEKE LAW GROUP**
p: 602-715-1872
a: 1095 W Rio Salado Pkwy ▪ Suite 209 ▪ Tempe, AZ 85281
w: wienekelawgroup.com  e: cretts@wienekelawgroup.com

