**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandee Nees,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>　　　　　Defendants. | No. CV-21-01134-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Jeri Williams, Jeff Cooke, John Ferragamo, and the City of Phoenix's ("Defendants") Motion to Dismiss (Doc. 8) and Motion for Reconsideration of the Order on the Motion to Strike or in the Alternative Motion for the Court to Accept as Timely Filed Defendants' Motion to Dismiss (Doc. 10). Also pending before the Court are Brandee Nees's ("Plaintiff") Motion for Entry of Default (Doc. 9) and Motion to Strike Defendants' Motion to Dismiss (Doc. 13). For the reasons discussed below, Defendants' Motion to Accept as Timely is granted, Defendants' Motion to Dismiss is deferred, and all other motions are denied.[1]

**BACKGROUND**

The pending motions relate to Defendants' failure to include a Local Rule 12.1(c) certification with their Motion to Dismiss (Doc. 5), originally filed on July 7, 2021. The

---

[1] Plaintiff's request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invrs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Court struck the Motion for failure to comply with the Local Rules. (Doc. 6.) Defendants then filed the certification and refiled their motion on July 8. (Doc. 8.) Plaintiff contends that Defendants have never properly conferred in this case, and that Defendants' failure to do so resulted in the Motion being filed late. (Docs. 9, 13.) Accordingly, she filed a Motion for Entry of Default and Motion to Strike (Docs. 9, 13.) The Court considers each Motion in turn.

## DISCUSSION

### I. Whether Defendants Complied with Local Rule 12.1(c)

Local Rule 12.1(c) provides that a Federal Rule of Civil Procedure 12(b)(6) motion will not be considered unless "the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." LRCiv 12.1(c). The notification may be made through personal, telephonic, or written notice. *Id.* However, striking a motion for failure to fulfill Local Rule 12.1(c)'s "meet and confer" requirement is unnecessary "when the movant promptly takes active steps to cure any harm caused by the failure." *Wine Educ. Council v. Ariz. Rangers*, No. CV-19-02235-PHX-SMB, 2020 WL 7352632, at *8 (D. Ariz. Dec. 15, 2020).

When Defendants originally filed their Motion to Dismiss, they failed to comply with Rule 12.1(c). Although the text of the Local Rule states that "[t]he movant may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion," this provision merely explains that, contrary to the procedural rules of some Arizona state courts,[2] conferences need not be in person or telephonic but may be written instead. *See Cartessa Aesthetics LLC v. Aesthletics Biomedical Inc.*, No. CV-19-05827-PHX-DWL, 2021 WL 778541, at *3 (D. Ariz. Mar. 1, 2021) (notifying the opposing party of an intent to file the motion, and then filing it the next business day, was insufficient to satisfy the meet-and-confer requirement); *Gulden v.*

---

[2] Arizona Rule of Civil Procedure 7.1(h) specifically requires that the good-faith consultation be done "in person or by telephone, and not merely by letter or email."

- 2 -

*Liberty Home Guard LLC*, No. CV-20-02465-PHX-JZB, 2021 WL 689912, at *2 (D. Ariz. Feb. 23, 2021) (striking the defendant's motion because it was undisputed that there was no meet and confer). The Rule does not mean that a movant may avoid the conferral requirement merely by notifying the non-moving party of the basis for the motion; there must be adequate opportunity to confer. *Cartessa*, 2021 WL 778541, at *3 ("[A] party contemplating filing a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) *must* first engage in a meaningful conversation with its adversary about whether the perceived deficiencies might be cured by amendment." (emphasis added)).

Defendants emailed Plaintiff their notice on July 7, 2021 at 10:14 AM. (Doc. 7-1 at 4.) Merely hours later—and before Plaintiff could respond—Defendants filed the motion at 3:57 PM. (Doc. 7-1 at 4; Doc. 5.) Instead of inviting Plaintiff to discuss the issues with her Complaint, Defendants' notice merely stated that they "[did] not believe that any of the claims [could] be cured by amendment." (Doc. 7-1 at 5.) This was insufficient to satisfy the requirements of Rule 12.1(c).

However, regardless of Defendants' failure to confer, Defendants "promptly [took] active steps to cure any harm caused." *Wine Educ. Council*, 2020 WL 7352632, at *8. Plaintiff informed counsel for the Defendants at 11:50 AM on July 8, the day after the filing of the original Motion to Dismiss, that there had been no opportunity to confer and that Defendants' filing was deficient. (Doc. 7-1 at 3.) Defendant responded and pointed out that Plaintiff had not identified any areas of agreement for which there could be a stipulation: "[I]f Plaintiff agrees that claims should be dismissed, no information has been provided about what those claims are, or how Plaintiff believes amendment could cure the deficiencies." (Doc. 7-1 at 3.) Instead of responding to this invitation and providing such explanation, Plaintiff merely responded "Game on!" (Doc. 7-1 at 2.) At this point, Plaintiff had had the opportunity to read both Defendants' Motion and prior email and could have substantively responded or asked for more time to do so. It was only after Plaintiff failed to respond effectively that Defendant filed a proper certification and refiled the Motion to

Dismiss, which cured any prejudice. (Doc. 7.) Therefore, the Court grants Defendants' Motion to Accept the Motion to Dismiss as Timely Filed.[3] Plaintiff's Motion for Entry of Default (Doc. 9) is accordingly denied as moot.

## II. Motion to Strike

Plaintiff next moves to strike the Motion to Dismiss because it failed to comply with Local Rule 12.1(c). (Doc. 13.) "Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m).

The Court sua sponte struck Defendants' originally deficient filing. (Doc. 6.) Defendants refiled the Motion with the proper certification, after attempting to confer with Plaintiff. (Doc. 7-1 at 2–3.) As noted above, the Court has deemed that the second Motion was properly filed. Because the filing was proper, the Motion to Strike is denied.

## III. Motion to Dismiss

Because Plaintiff has not yet had the opportunity to respond to the Motion to Dismiss, the Court will not rule on the Motion at this time.

## CONCLUSION

Because Defendants cured the prejudice caused by the failure to confer, the Defendants' Motion to Accept the Motion to Dismiss as Timely Filed is granted, and Plaintiff's Motions for Default and to Strike are denied. The Court declines to rule on the Motion to Dismiss at this time.

**IT IS HEREBY ORDERED** that Defendants' Motion for the Court to Accept as Timely Filed Defendants' Motion to Dismiss (Doc. 10) is **GRANTED**. Defendants' Motion for Reconsideration of the Order on the Motion to Strike (Doc. 10) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default (Doc. 9) is **DENIED** as moot.

---

[3] Because the Court will accept the late-filed Motion to Dismiss as timely, Defendant's Motion for Reconsideration is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Motion to Dismiss (Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Response to Defendants' Motion to Dismiss (Doc. 8) within fourteen days from the date of this order. Defendants' may file a Reply within seven days from the date of the Response.

Dated this 12th day of January, 2022.

G. Murray Snow
Chief United States District Judge